UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK CONARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:09CV2059 TIA |
| ROTHMAN FURNITURE STORES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Frank Conard's Motion for Remand (Docket No. 7). Plaintiff argues that removal in this case is improper because an exception to the Class Action Fairness Act of 2005 ("CAFA") applies. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On November 18, 2009, Plaintiff Frank Conard ("Conard"), a Missouri resident and class member representative, filed a class action petition against Defendant Rothman Furniture Stores, Inc. ("Rothman"), a citizen of Missouri, in the Circuit Court of St. Charles County, Missouri, alleging that Rothman failed to provide gas or grocery vouchers to its customers who purchased furniture in reliance of Rothman's promise to provide redemption vouchers.[1] Conard asserts a purported class of 15,000 persons with claims of $600.00 each and seeks punitive damages, an aggregate claim in excess of $9,000,000.00.

On December 16, 2009, Rothman removed the case to this Court, invoking this Court's diversity jurisdiction under CAFA. (Docket No. 1). In the Notice of Removal, Rothman notes that

---

[1] In considering a motion to remand, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling." Crosby v. Paul Hardeman, Inc., 414 F.2d 1,3 (8th Cir. 1969) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939)).

Rothman operates five Missouri retail facilities and two Illinois retail facilities and consequently many of Rothman's customers are residents of states other than Missouri. Rothman therefore contends that this Court has original jurisdiction under CAFA and 28 U.S.C. § 1332. In opposition, Conard argues that inasmuch as five out of Rothman's seven retail locations are in Missouri, most likely more than two-thirds of the class members are Missouri citizens. Thus, Conard contends that under the home-state controversy exception, the Court must decline jurisdiction and remand the instant action to the Circuit Court of St. Charles County, Missouri, or, in the alternative, allow limited discovery to ascertain the percentage of class members that are Missouri citizens.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 14447(c). The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance of Am., 992 F.2d at 183. The enactment of CAFA did not alter this proposition; "the party attempting to remove [a CAFA action] bears the burden of establishing subject matter jurisdiction." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). Once jurisdiction has been established in a CAFA removal case, courts have held the burden shifts to the party seeking remand to demonstrate one of CAFA's exceptions apply. Moua v. Jani-King of Minn., Inc., 613 F.Supp.2d 1103, 1107 D.Minn.

2009)(collecting cases).[2] In determining whether removal was proper, the Court must look to the Plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the Plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The basic elements of CAFA jurisdiction are (1) the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs; (2) the putative class has more than 100 members; and (3) minimal diversity, i.e. at least one member of the class of plaintiffs is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2). Conard argues the home-state controversy exception to CAFA jurisdiction is applicable and therefore remand is required. To demonstrate that the home-state controversy exception applies, Conard must show (1) more than two-thirds of all plaintiffs are citizens of the state where the action is filed; and (2) all primary defendants are citizens of the state where the action is filed. 28 U.S.C. § 1332(d)(4)(B).

On the current record before the Court, Conard has not met the burden of showing the home-state controversy exception applies by providing sufficient information for the Court to determine whether, at the time Conard filed his cause of action, it is likely that at least two-thirds of the class resided in Missouri or even whether more than one-third of the class resided in Missouri. See, 28

---

[2]The Court notes that the Eighth Circuit Court of Appeals has not yet had the opportunity to address the requirements of the home-state controversy exception under CAFA; especially, which party bears the burden of proof on the existence of federal jurisdiction; the removing party or the party seeking remand. At least three of the Eastern District of Missouri, Eastern Division Courts have recently addressed the same issue before this Court and have concluded that the plaintiff has the burden of proving the citizenship of the requisite number of its proposed class in order to establish the home-state controversy exception and allowed for limited jurisdictional discovery by plaintiff on this issue. See Tonnies v. Southland Imports, Inc., No. 4:09-cv-414-SNLJ; 2009 WL 3172565 (E.D.Mo. Sept, 29, 2009); Clover v. Sunset Auto Co., No. 4:09-cv-58-HEA, 2009 WL 1490489 (E.D.Mo. May 27, 2009 and August 26, 2009); Redd v. Suntrup Hyundai, Inc., No. 4:09-cv-411-MLM, 2009 WL 1161622 (E.D.Mo. April 29, 2009).

U.S.C. § 1332(d)(3)-(4). Accordingly, the Court will grant Conard's alternative request to conduct limited discovery for the purpose of obtaining such information.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Docket No. 7) is **GRANTED** to the extent Plaintiff requested limited discovery to determine the percentage of class members that are Missouri citizens.

**IT IS FURTHER ORDERED** that Plaintiff is granted up to and including July 6, 2010, to conduct discovery relevant to determining the residence of members of the class. Defendant shall fully cooperate in this limited jurisdictional discovery.

**IT IS FURTHER ORDERED** that Plaintiff shall refile, if deemed appropriate, a Motion to Remand no later than July 21, 2010.

**IT IS FURTHER ORDERED** that the instant proceedings and pending motion are stayed pending the completion of the limited discovery.

Dated this  27th  day of April, 2010.

      /s/Terry I. Adelman
    UNITED STATES MAGISTRATE JUDGE